# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Confidential Settlement Agreement and Release (the "Agreement") is entered into by and between Marie Cruz ("Plaintiff") and Dollar Tree Stores, Inc. ("Dollar Tree" or "Defendant") (Plaintiff and Defendant are collectively referred to herein as the "Parties"), and is effective as of the last date on which the Parties sign the Agreement.

### Recitals

A. Plaintiff is a current employee of Defendant.

B. On September 4, 2015, Plaintiff commenced a civil action against Defendant in the United States District Court, for the Middle District of Florida, in the Orlando Division, Case No. 6:15-cv-01455-CEM-GLK (the "Action").

C. After private settlement negotiations in which the Parties were represented by their respective counsel of record, Plaintiff and Defendant have agreed to settle the Action by means of this Agreement.

D. Nothing contained in this Agreement, and no act taken pursuant to it, will constitute an admission by Defendant of any liability to Plaintiff or to anyone else because of or growing out of matters set forth in the pleadings of Plaintiff in the Action. In fact, Defendant specifically denies that it engaged in any improper or unlawful act in connection with any monies paid or allegedly owed to Plaintiff. The Parties further acknowledge that Defendant's investigation into Plaintiff's claims of unpaid wages did not produce any evidence that Defendant had underpaid Plaintiff in any respect.

E. Plaintiff acknowledges the payment of the monies by Defendant identified herein constitutes full and complete payment of any unpaid wages allegedly owed to her at the time of execution of this Agreement. Accordingly, Plaintiff agrees that she has been paid all compensation owed to her, including minimum wage for all hours worked, time and one half for all hours worked over forty (40) in a workweek, and liquidated ("double") damages for any previously unpaid time.

F. In the negotiation and drafting of this Agreement, Plaintiff has been represented by Kimberly De Arcangelis, Esq. of Morgan & Morgan, P.A., and Defendant has been represented by Kevin D. Zwetsch of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

G. Plaintiff's counsel represents that, as of the date of this Agreement, she does not represent anyone other than Plaintiff for whom she will file a lawsuit or make a claim against Defendant.

H. Plaintiff acknowledges and represents that she is fully competent to enter into this Agreement, that she has had a reasonable amount of time in which to consider this Agreement before executing it, that she has been advised by her attorney about its terms and effect, and that she enters into this Agreement knowingly and voluntarily.

1

I. Plaintiff and her counsel believe that the settlement provided in this Agreement is in the best interest of Plaintiff and represents a fair, reasonable, and adequate resolution of the Action.

J. The Parties represent that the Plaintiff's attorney's fees were negotiated and agreed upon separately without regard to the amount paid to the Plaintiff.

K. The Parties represent that Plaintiff estimated that she was entitled to $2,800.00 based on Plaintiff's estimation of unpaid minimum wage during July 2010 to the present, including liquidated damages. Defendant has investigated Plaintiff's time and pay records evidencing that Plaintiff properly was paid for all hours she reported to Defendant. Since there is no documentation to substantiate Plaintiff's allegations that she did not receive minimum wage for all hours worked for Defendant, the Parties engaged in good faith, arms-length negotiations to arrive at a fair, adequate, and reasonable resolution of Plaintiff's unpaid minimum wage claims.

Based on these recitals, the Parties agree as follows:

**Terms**

1. Dismissal of the Action; Settlement Payments.

    a. Within five (5) business days after complete execution of the Agreement, Plaintiff will cause to be delivered to counsel for Defendant, a stipulation to dismissal of the Action with prejudice executed by counsel for Plaintiff (the "Stipulation"), which counsel for Defendant also will execute the Stipulation and promptly cause to be filed with the District Court; and

    b. This Agreement is contingent on the District Court's approval of the Stipulation and dismissal of the Action. If the District Court does not approve of the Stipulation and dismiss the Action, then this Agreement will be null and void and have no effect. Should the District Court require additional information from the Parties or require their appearance before approving the Stipulation and dismissing the Action, the Parties will cooperate in providing that information and making that appearance.

    c. If the District Court approves the Stipulation and dismisses the Action, then within ten (10) business days after the date of dismissal and upon receipt of signed IRS Forms W-4 and W-9 from Plaintiff and an IRS Form W-9 from Plaintiff's counsel, Defendant will cause to be delivered to counsel for Plaintiff three (3) checks, as follows:

        (i) One (1) check payable to Marie Cruz representing the total amount of ONE THOUSAND FOUR HUNDRED AND 00/100 ($1,400.00) DOLLARS as taxable wages, less appropriate withholdings, to represent the unpaid minimum wage claim. An IRS Form W-2 will be issued to Plaintiff in this amount. Plaintiff must provide a fully completed and executed IRS Form W-4 to counsel for Defendant along with the executed agreement; and

2

(ii) One (1) check payable to Marie Cruz representing the total amount of ONE THOUSAND FOUR HUNDRED AND 00/100 ($1,400.00) DOLLARS as liquidated damages. An IRS Form 1099 will be issued to Plaintiff in this amount. Plaintiff must provide a fully completed and executed IRS Form W-9 to counsel for Defendant along with the executed agreement; and

(iii) One (1) check payable to Morgan & Morgan, P.A. representing the total amount of THREE THOUSAND TWO HUNDRED AND 00/100 ($3,200.00) DOLLARS to represent attorneys' fees and costs. An IRS Form 1099 will be issued to Morgan & Morgan, P.A. in this amount. Morgan & Morgan, P.A. must provide a fully completed and executed IRS Form W-9 to counsel for Defendant along with the executed agreement.

d. In the event the Internal Revenue Service or other taxing authority challenges the above allocation, the Parties agree to work together cooperatively in connection with any such challenge. Plaintiff shall be solely responsible for paying all taxes and penalties owed by her and Defendant shall be solely responsible for payment of all taxes and penalties owed by it. Plaintiff agrees to indemnify and hold Defendant harmless from any liability, claims, suits, judgments, and damages that arise as a result of any failure by Plaintiff to pay all taxes for which she is responsible.

2. Release of Claims. Plaintiff, on behalf of herself and her heirs, successors, agents, and all other related persons or entities who could assert a claim based on their relationship and/or dealings with Defendant, waives and releases and promises never to assert any and all claims that exist or might exist against Defendant and/or its respective current and former predecessors, successors, affiliates, parents, subsidiaries, partners (whether general or limited), directors, officers, employees or former employees, agents, attorneys, insurers, heirs, and assigns related to claims for unpaid wages or overtime pay under the Fair Labor Standards Act or Fla. Stat. §448.10.

3. Severability. If any provision of this Agreement is held to be void, voidable, unlawful or unenforceable, the remaining portions of this Agreement will remain in full force and effect, except that if Paragraph 2 of this Agreement is held to be void, voidable, unlawful or unenforceable, then Defendant, at its sole option, may rescind this Agreement and recover from Plaintiff the payments made under this Agreement.

4. Attorneys' Fees. The Parties agree that other than what is described in Paragraph 1(c)(ii), each party will bear her or its own attorneys' fees and costs. Plaintiff acknowledges and agrees that with the payment made in Paragraph 1(c)(ii), her claim for attorney's fees through the execution of this Agreement is completely satisfied, such that her attorney is not entitled to any additional amount of attorney's fees for any work performed on her behalf through dismissal of this matter.

5. Binding agreement. This Agreement will bind and inure to the benefit of the Parties and all of their heirs, executors, administrators, successors, assigns, and legal representatives, as well as all other persons in privity with them. Notwithstanding any privilege

3

applicable to settlement proceedings, this Agreement may be introduced into evidence to prove the Parties' settlement agreement.

6. <u>Entire agreement</u>. This Agreement may be amended only by written agreement, signed by the Party or Parties to be bound by the amendment. Parol evidence will be inadmissible to show agreement by and between the Parties to any term or condition contrary to or in addition to the terms and conditions contained in this Agreement.

7. <u>Governing law</u>. This Agreement is made, and will be construed, under Florida law, without regard to its conflict of laws provision.

8. <u>Enforceability</u>. The Parties hereto acknowledge that this Agreement is enforceable in the District Court for the Middle District of Florida. The interpretation and application of the terms of this Agreement shall be governed and construed in accordance with the laws of the State of Florida.

9. <u>Counterpart originals</u>. This Agreement may be executed in counterpart originals with each counterpart to be treated the same as a single original. Facsimile or electronically scanned and transmitted signatures and copies are permitted and acceptable to both parties.

10. <u>Remedies for Breach</u>. In any action for breach or enforcement of this Agreement, the prevailing party will be entitled to recovery of reasonable attorneys' fees and costs.

**Execution by Parties**

The Parties hereby execute this Agreement.

AS TO PLAINTIFF:

_____    11/17/15
MARIE CRUZ                         DATE

AS TO DEFENDANT:

_____    11/22/15
DOLLAR TREE STORES, INC.           DATE
BY:
ITS:

23013045.1

4