# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MARIE CRUZ,**

    **Plaintiff,**

**v.**                **Case No:  6:15-cv-1445-Orl-41GJK**

**DOLLAR TREE STORES, INC.,**

    **Defendant.**

_____

## REPORT AND RECOMMENDATION

   This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **AMENDED JOINT MOTION TO APPROVE FLSA RESOLUTION (Doc. No. 17)** |
| **FILED:** | **November 24, 2015** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

## I. <u>BACKGROUND.</u>

   On September 4, 2015, Plaintiff instituted this action against Defendant.  Doc. No. 1.  On September 24, 2015, Plaintiff filed the operative complaint (the "Complaint") against Defendant, asserting the following claims: 1) unpaid minimum wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206; and 2) unpaid minimum wages in violation of Article 10, Section 24 of the Florida Constitution.  Doc. No. 3.  On November 24, 2015, prior to filing an Answer and the entry of a FLSA scheduling order, the parties filed an Amended Joint Motion to Approve FLSA

Resolution (the "Motion"), requesting the Court approve their settlement agreement (the "Agreement") attached to the Motion and dismiss the case with prejudice.  Doc. Nos. 17; 17-1.[1]

## II.    LAW.

In *Lynn's Food Stores, Inc. v. United States Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982), the Eleventh Circuit addressed the means by which an FLSA settlement may become final and enforceable:

> [t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees.  First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . ..  The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations.  When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id*. at 1352-53.  Thus, unless the parties have the Secretary of Labor supervise the payment of unpaid wages owed or obtain the Court's approval of the settlement agreement, the parties' agreement is unenforceable.  *Id*.; *see also Sammons v. Sonic-North Cadillac, Inc.*, Case No. 6:07-cv-277-Orl-19DAB, 2007 WL 2298032, at *5 (M.D. Fla. Aug. 7, 2007) (noting that settlement of FLSA claim in arbitration proceeding is not enforceable under *Lynn's Food* because it lacked Court approval or supervision by the Secretary of Labor).  Before approving an FLSA settlement, the Court must scrutinize it to determine if it is a fair and reasonable resolution of a bona fide dispute.  *Lynn's Food Stores*, 679 F.2d at 1354-55.  If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement.  *Id*. at 1354.

---

[1] Accordingly, Plaintiff did not have an opportunity to complete and file answers to the Court's FLSA interrogatories, which are customarily provided along with the FLSA scheduling order.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

1. the existence of collusion behind the settlement;
2. the complexity, expense, and likely duration of the litigation;
3. the stage of the proceedings and the amount of discovery completed;
4. the probability of plaintiff's success on the merits;
5. the range of possible recovery; and
6. the opinions of counsel.

See *Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, Case No. 6:05-cv-592-Orl-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007) *report and recommendation adopted*, 2007 WL 219981 (M.D. Fla. Jan. 26, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[2]

In FLSA cases, the Eleventh Circuit has questioned the validity of contingency fee agreements. *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (citing *Skidmore v. John J. Casale, Inc.*, 160 F.2d 527, 531 (2d Cir. 1947) ("We have considerable doubt as to the validity of the contingent fee agreement; for it may well be that Congress intended that an employee's recovery should be net[.]")). In *Silva*, the Eleventh Circuit held:

> That Silva and Zidell entered into a contingency contract to establish Zidell's compensation if Silva prevailed on the FLSA claim is of little moment in the context of FLSA. FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions. *See Lynn's Food*, 679 F.2d at 1352 ("FLSA rights cannot be abridged by contract or otherwise waived.") (quotation and citation

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

omitted).  To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee.  *See United Slate, Tile & Composition Roofers v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 504 (6th Cir. 1984) ("the determination of a reasonable fee is to be conducted by the district court regardless of any contract between plaintiff and plaintiff's counsel"); *see also Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F.Supp.2d 1259 (M.D. Fla. 2008).

*Id.* at 351-52.[3]  In order for the Court to determine whether the proposed settlement is reasonable, counsel for the claimant(s) must first disclose the extent to which the FLSA claim has or will be compromised by the deduction of attorney's fees, costs or expenses pursuant to a contract between the plaintiff and his or her counsel, or otherwise.  *Id.*  When a plaintiff receives less than a full recovery, any payment (whether or not agreed to by a defendant) above a reasonable fee improperly detracts from the plaintiff's recovery.[4]  Thus, a potential conflict can arise between counsel and their client regarding how much of the plaintiff's total recovery should be allocated to attorney's fees and costs.[5]  It is the Court's responsibility to ensure that any such allocation is reasonable.  *See Silva*, 307 F. App'x at 351-52.  In doing so, the Court uses the lodestar method for guidance.  *See Comstock v. Fla. Metal Recycling, LLC*, 2009 WL 1586604, at *2 (S.D. Fla. June 5, 2009).  As the Court interprets the *Lynn's Food* and *Silva* cases, where there is a compromise of the amount due to the plaintiff, the Court should decide the reasonableness of the attorney's fees provision under the parties' settlement agreement using the lodestar method as a

---

[3] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority."  11th Cir. R. 36-2.

[4] From a purely economic standpoint, a defendant is largely indifferent as to how its settlement proceeds are divided as between a plaintiff and his or her counsel.  Where a plaintiff is receiving less than full compensation, payment of fees necessarily reduces the plaintiff's potential recovery.

[5] This potential conflict is exacerbated in cases where the defendant makes a lump sum offer which is less than full compensation, because any allocation between fees and the client's recovery could become somewhat arbitrary.

guide. In such a case, any compensation for attorney's fees beyond that justified by the lodestar method is unreasonable unless exceptional circumstances would justify such an award.

An alternate means of demonstrating the reasonableness of attorney fees and costs was set forth in *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222 (M.D. Fla. 2009). In *Bonetti*, the Honorable Gregory A. Presnell held:

> In sum, if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) *represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.*

*Bonetti*, 715 F. Supp. 2d at 1228 (emphasis added). Judge Presnell maintained that if the matter of attorney fees "[is] addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." *Id.* The undersigned finds this reasoning persuasive.

**III.   ANALYSIS.**

**A.  Settlement Amount.**

This case involves disputed issues of liability under the FLSA, which constitutes a bona fide dispute. Doc. No. 17 at 1. The parties were represented by independent counsel who are obligated to vigorously represent their clients. Doc. No. 17 at 3. Although Plaintiff did not have an opportunity to answer the Court's FLSA interrogatories, the parties represent "Plaintiff claimed that she would be due a maximum of $2,800.00 if she could prove all of the estimated off-the-clock hours alleged by her." Doc. No. 17 at 2. Likewise, the Agreement states Plaintiff "estimated

that she was entitled to $2,800.00 based on [her] estimation of unpaid minimum wage during July 2010 to the present, including liquidated damages." Doc. No. 17-1 at 3. The parties represent Defendant provided documentation disputing the amount of unpaid hours alleged by Plaintiff. Doc. Nos. 17 at 2; 17-1 at 3.

The parties engaged in multiple discussions regarding the validity of Plaintiff's allegations. *Id*. The parties represent that "there has been sufficient investigation and exchange of information to allow the Parties to reach a fair and reasonable resolution of this matter." Doc. No. 17 at 6. The parties further represent they agree the "probability of success on the merits, and the complexity, expense, and length of future litigation . . . militate in favor" of settlement. *Id*. For these reasons, the parties entered into the Agreement.

Under the Agreement, Plaintiff, in exchange for a release of all known and unknown "claims for unpaid wages or overtime pay under the [FLSA] or Fla. Stat. § 448.10" against Defendant, has agreed to accept a total settlement amount of $6,000.00, which represents $1,400.00 in unpaid wages, $1,400.00 in liquidated damages, and $3,200.00 in attorney's fees and costs. Doc. Nos. 17 at 1-2; 17-1 at 2-4. In the Agreement, Plaintiff acknowledges that the foregoing payment "constitutes full and complete payment of any unpaid wages allegedly owed" including all "liquidated . . . damages for any previously unpaid time." Doc. No. 17-1 at 2. When, as in this case, a plaintiff does not compromise his or her claim, the resulting settlement is a fair and reasonable resolution of a bona fide dispute under the FLSA. *Natera v. Mastercorp of Tennessee, Inc.*, Case No. 6:08-cv-2088-Orl-22DAB, 2009 WL 1515747, at *2 (M.D. Fla. June 1, 2009) (finding "[f]ull recompense of the [FLSA] damage claim is *per se* fair and reasonable").

After reviewing the Motion and Agreement, it is **RECOMMENDED** the Court find the amount of Plaintiff's settlement to be fair and reasonable.[6]

### B.  Attorney's Fees and Costs.

Under the Agreement, Plaintiff's counsel will receive a total of $3,200.00 in attorney's fees and costs.  Doc. Nos. 17 at 2; 17-1 at 4.  The parties represent they resolved the issue of attorney's fees and costs after they resolved Plaintiff's FLSA claims, and thus negotiated attorney's fees and costs "separately and without regard to the amounts paid to Plaintiff."  Doc. No. 17 at 2-3.  The settlement is reasonable on its face, and the parties' representation adequately establishes that the issue of attorney's fees and costs was agreed upon separately and without regard to the amount paid to Plaintiff.  *See Bonetti*, 715 F. Supp. 2d at 1228.  Accordingly, pursuant to *Bonetti*, it is **RECOMMENDED** the Court find the Agreement to be a fair and reasonable settlement of Plaintiff's FLSA claim.

### IV.   CONCLUSION.

Accordingly, it is **RECOMMENDED** that:

1. The Motion (Doc. No. 17) be **GRANTED** only to the extent that the Court finds the parties' settlement is fair and reasonable;

2. The Court enter an order dismissing the case with prejudice; and

3. Direct the Clerk to close the case.

---

[6] The undersigned notes the Motion suggests the parties compromised Plaintiff's claims.  Doc. No. 17 at 2 ("The total settlement amount reflects a reasonable compromise of the disputed amount of all alleged unpaid wages, and liquidated damages, claimed by Plaintiff.").  The Motion, however, does not clearly reveal what Plaintiff compromised.  *See* Doc. No. 17.  Further, the foregoing statement contradicts the statement in the Agreement, whereby Plaintiff acknowledged that she was receiving full compensation, including liquidated damages.  *Compare* Doc. No. 17 at 2 *with* Doc. No. 17-1 at 2.  Indeed, the settlement amount is equivalent with the amount she claimed Defendant owed her, including liquidated damages.  Doc. No. 17-1 at 3-4.  Thus, contrary to the above statement regarding compromise, the record strongly reflects that there has been no compromise.  Nevertheless, to the extent there has been a compromise, perhaps through Plaintiff's agreement to release all wage claims, the undersigned would still recommend the Court find the amount of Plaintiff's settlement to be fair and reasonable.

## <u>NOTICE TO PARTIES</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.  **If the parties have no objection to this Report and Recommendation, they may promptly file a joint notice of no objection in order to expedite the final disposition of this case.**

Recommended in Orlando, Florida on December 4, 2015.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy